## TIDWELL v. KELLY. (No. 2371.)

(Court of Civil Appeals of Texas. Texarkana. April 14, 1921.)

Justices of the peace ⬅︎72—Venue of action on contract of sale and purchase not within exception.

Rev. St., art. 2308, subd. 4, providing, in exception to the rule that action in a justice's court shall be commenced in the county and precinct in which defendant resides, that action on a written contract promising performance at any particular place may be brought in the county and precinct in which the contract was to be performed, has no application to an action on a contract of sale and purchase for the value of the articles.

Appeal from Bowie County Court; J. B. Lytal, Judge.

Action by John W. Tidwell against Ben Kelly. From a judgment sustaining defendant's plea of privilege, plaintiff appeals. Affirmed.

Geo. W. Johnson, of New Boston, for appellant.

Lloyd E. Price, of Daingerfield, and Keeney & Dalby, of Texarkana, for appellee.

HODGES, J. The appellant sued the appellee, a resident of Morris county, in the justice court of Bowie county, to recover $166, the value of 41½ cords of wood. The case is here on appeal from a judgment of the county court of Bowie county sustaining the defendant's plea of privilege.

The judgment is attacked upon the ground

that the suit was based upon a contract for services performed in Bowie county, and comes within the exception found in subdivision 4 of article 2308 of the Revised Civil Statutes. We think the evidence justified the conclusion that this suit is upon a contract of sale and purchase. The statute referred to therefore has no application.

The judgment is affirmed.